E-FILED
Thursday, 28 February, 2008   04:14:58 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| ARTHUR EATON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   Case No. 08-2028 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| | ) |

# OPINION

On January 28, 2008, Petitioner Arthur Eaton filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (#1). The Government filed its Response (#4) on February 25, 2008. For the following reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is DENIED.

## BACKGROUND

On August 17, 2006, Petitioner was charged by indictment with distribution of five or more grams of cocaine base ("crack") in violation of 21 U.S.C. § 841(a)(1). On December 18, 2006, Petitioner pleaded guilty to the indictment pursuant to a written plea agreement. Pursuant to the plea agreement, Petitioner was to receive a sentence reduction for acceptance of responsibility, and Petitioner was provided with an opportunity to cooperate with the Government with the hope of receiving a downward departure for substantial assistance. As part of the plea agreement, Petitioner

waived his right to collaterally attack his sentence. With regard to this issue, the plea agreement states as follows:

> The defendant also understands that he has a right to attack the conviction and/or sentence imposed collaterally on the grounds it was imposed in violation of the Constitution or laws of the United States; that he received ineffective assistance from his attorney; that the Court was without proper jurisdiction; or that the conviction and/or sentence was otherwise subject to collateral attack. The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255. The defendant and the defendant's attorney have reviewed Section 2255, and the defendant understands his rights under the statute. Understanding those rights, and having thoroughly discussed those rights with the defendant's attorney, the defendant knowingly and voluntarily waives his right to collaterally attack the conviction and/or sentence. The defendant's attorney has fully discussed and explained the defendant's right to attack the conviction and/or sentence collaterally with the defendant. The defendant specifically acknowledges that the decision to waive the right to challenge any later claim of ineffectiveness of the defendant's counsel was made by the defendant alone notwithstanding any advice the defendant may or may not have received from the defendant's attorney regarding this right. Regardless of any advice the defendant's attorney may have given the defendant, in exchange for the concessions made by the United States in this plea agreement, the defendant hereby knowingly and voluntarily waives his right to collaterally attack the conviction and/or sentence. The rights waived by the defendant include his right to

challenge the amount of any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255.

At the guilty plea hearing held on December 18, 2006, this court determined that Petitioner's guilty plea, including the waiver of his right to appeal and his right to file a collateral attack, was knowingly and voluntarily made. Based upon Petitioner's representations, this court accepted Petitioner's guilty plea.

On April 24, 2007, a sentencing hearing was held before this court. Petitioner was sentenced to a term of 121 months' imprisonment. Petitioner did not file a direct appeal. As noted, on January 28, 2008, Petitioner filed his Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#1) alleging: (1) relevant conduct involving an increased drug amount was not charged in the indictment; (2) the sentencing calculation was incorrect; (3) Petitioner's counsel was ineffective for inducing Petitioner to enter a plea of guilty without first investigating the actual amount of drugs Petitioner possessed; and (4) the increased drug amount based upon relevant conduct was a violation of Petitioner's due process rights. On February 25, 2008, the Government filed its Response (#4) arguing Petitioner's motion is barred by the waiver of Petitioner's right to file a motion pursuant to § 2255.

**ANALYSIS**

This court agrees with the Government that Petitioner clearly waived his right to collaterally attack his guilty plea and sentence. Such waivers are enforceable with the limited exception that a waiver does not apply to a claim of involuntariness or ineffective assistance of counsel that relates directly to this waiver or its negotiation. See Mason v. United States, 211 F.3d 1065, 1069 (7th Cir.

2000); Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1999). The Seventh Circuit has held that in evaluating the voluntariness of a waiver, great weight should be given to the Rule 11 hearing. See Mosley v. United States, 2006 WL 1749957 at *3 (N. D. Ill. 2007); see also Taylor v. United States, 2007 WL 128003 at *5 (N. D. Ill. 2007). Like the petitioner in Mosley, Petitioner's plea agreement reveals that the waiver of his right to collateral attack was both knowing and voluntary and did not arise as a result of the ineffective assistance of counsel. The plea agreement specifically states, "The defendant and the defendant's attorney have reviewed Section 2255, and the defendant understands his rights under the statute. Understanding those rights, and having thoroughly discussed those rights with the defendant's attorney, the defendant knowingly and voluntarily waives his right to collaterally attack the conviction and/or sentence." In addition, the agreement indicates, "Regardless of any advice the defendant's attorney may have given the defendant, in exchange for the concessions made by the United States in this plea agreement, the defendant hereby knowingly and voluntarily waives his right to collaterally attack the conviction and/or sentence." Furthermore, the court conducted an extensive Rule 11 colloquy with Petitioner at the time of his plea of guilty. This court concluded Petitioner understood the rights he was waiving and the nature of proceedings against him. Statements made by a defendant at a Rule 11 hearing are presumed truthful, and this court can rely on them in determining whether there was a knowing and voluntary waiver of rights. See Mosley, 2006 WL 1749957 at *3. Therefore, this court concludes that Petitioner knowingly and voluntarily waived his right to file a collateral attack pursuant to 28 U.S.C. § 2255 and has not provided this court with any basis for not enforcing the waiver.

IT IS THEREFORE ORDERED:

(1)  Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (#1) is DENIED.

(2) This case is terminated.

ENTERED this <u>28TH</u> day of February, 2008

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE